NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 8 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50319 |
| Plaintiff-Appellee, | D.C. No. 8:13-cr-00001-DOC-6 |
| v. | |
| MOHAMED SALAH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted February 5, 2024[**]
Pasadena, California

Before: OWENS, BUMATAY, and MENDOZA, Circuit Judges.

A jury convicted Defendant-Appellant Mohamed Salah of one count of conspiracy to commit bank fraud and wire fraud. He raises three issues on appeal: (1) whether the district court erred in denying his motion to vacate his conviction and dismiss the indictment; (2) whether the district court erred in admitting a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

transcript of a recorded phone conversation that Salah had with one of his co-conspirators; and (3) whether the district court erred in instructing the jury after declaring a mistrial for Salah's co-defendant, Maher Obagi. We conclude that the district court did not err in its handling of those three issues, and we affirm.

1. Salah contends that the district court erred in denying his motion to dismiss the indictment. "A district court may dismiss an indictment for government misconduct for one of two reasons[:] . . . either because it finds a serious due-process violation or because it concludes that dismissal is warranted under its supervisory powers." *United States v. Bundy*, 968 F.3d 1019, 1030 (9th Cir. 2020). We review de novo a district court's denial of a motion to dismiss an indictment on due process grounds. *United States v. Miller*, 953 F.3d 1095, 1105 (9th Cir. 2020). We review for abuse of discretion a district court's denial of a motion to dismiss an indictment pursuant to its supervisory powers. *Id.* We determine that the district court properly denied Salah's motion to dismiss the indictment.

The district court properly determined that Salah's trial did not involve a serious due process violation warranting dismissal of the indictment. A party moving to dismiss an indictment on account of a due process violation must meet an "extremely high standard." *United States v. Smith*, 924 F.2d 889, 897 (9th Cir. 1991). Such a dismissal "requires the government's conduct to 'be so grossly

2

shocking and outrageous as to violate the universal sense of justice.'" *Bundy*, 968

F.3d at 1030 (quoting *United States v. Kearns*, 5 F.3d 1251, 1253 (9th Cir. 1993)).

Salah does not meet that burden here. He argues that the United States' error in

presenting the improperly redacted transcript to the jury violated his constitutional

rights. But his argument misunderstands *Bruton v. United States*, 391 U.S. 123

(1968). *Bruton* and its progeny are concerned with defendants in joint trials who

are implicated by their non-testifying co-defendants' out-of-court statements. *Id.*

at 135–36. The out-of-court statement at issue here is Salah's own statement that

implicates Obagi. Because Salah and Obagi were tried together and Salah did not

testify, it follows that the admission of Salah's statement impacted Obagi's right to

confrontation. *Id*. It does not follow, however, that the admission also impacted

Salah's right to confrontation. In Salah's case, the *Bruton* error contributed to a

minor delay in the proceedings and potentially caused slight juror confusion.

Although those circumstances are regrettable, they are not "so grossly shocking

and outrageous as to violate the universal sense of justice" and constitute a serious

violation of due process. *Bundy*, 968 F.3d at 1030 (citation omitted). For the same

reasons, the district court did not abuse its discretion in declining to exercise its

supervisory power to dismiss the indictment.

2.      Salah further argues that the district court erred in admitting the

transcript of his conversation with Ali Khatib. We review Salah's preserved

3

claims of evidentiary error for abuse of discretion. *United States v. Perez*, 962 F.3d 420, 434 (9th Cir. 2020). We conclude that the district court did not abuse its discretion in admitting the transcript.

As an initial matter, the United States properly authenticated the transcript and laid an adequate foundation for its admission through Agent Matthews's testimony. Further, the transcript did not contain inadmissible hearsay that violated the Confrontation Clause. The trial court admitted Khatib's statements during the call for their effect on the listener. The statements, therefore, are not hearsay. Fed. R. Evid. 801(c)(2). Because Khatib's statements were not admitted for their truth, they also do not implicate the Confrontation Clause. *See Crawford v. Washinton*, 541 U.S. 36, 59 n.9 (2004). Similarly, Salah's statements during the call are party admissions and, therefore, are not hearsay. Fed. R. Evid. 801(d)(2)(A). Additionally, "all of the relevant circumstances" indicate that Salah's statements to Khatib were not testimonial and, as such, they do not implicate the Confrontation Clause. *Michigan v. Bryant*, 562 U.S. 344, 369 (2011).

3. Finally, Salah contends that the district court erred in instructing the jury after Obagi's mid-trial exit. Because Salah did not object to the instruction at trial, we review the instruction for plain error. *See United States v. Conti*, 804 F.3d

4

977, 981 (9th Cir. 2015). We conclude that the district court's instruction was not plainly erroneous.

In some cases, it is "safest and fairest" for a trial judge to shoot straight and explain a defendant's sudden departure to avoid "curiosity, conjecture, and surmise." *United States v. Jones*, 425 F.2d 1048, 1054 (9th Cir. 1970). But that is not always the case. There are instances where it may be better for a district court not to explain the circumstances of a defendant's mid-trial exit. *See, e.g.*, *United States v. Washabaugh*, 442 F.2d 1127, 1129 (9th Cir. 1971). In those cases, it may be easier and safer to instruct the jurors simply that a case is no longer proceeding against a defendant and that they should not speculate as to why. *See, e.g.*, *United States v. Garrison*, 888 F.3d 1057, 1066 (9th Cir. 2018). Here, the district court did not plainly err when it gave the jury a non-explanation instruction. Obagi left the trial on account of a relatively esoteric legal issue: a *Bruton* violation. It seems unlikely that the jury would have gained any satisfaction from an explanation of his departure. Indeed, such an explanation may have created more questions than it answered. For that reason, we determine that the district court did not plainly err in informing the jurors that the trial would only proceed against Salah and that they should not speculate as to why. *See Garrison*, 888 F.3d at 1066 (concluding that the district court did not err in giving a substantially similar instruction).

**AFFIRMED**.

5